# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
CIVIL ACTION NO. 5:23-cv-0168

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC<br>923 Maple Grove Drive, Suite 201,<br>Fredericksburg, VA 22407,<br><br>**Plaintiff,**<br><br>v.<br><br>RANDALL TACKETT<br>136 Springside Drive<br>Spring Lake, North Carolina 28390,<br><br>and<br><br>SPECIAL OPERATIONS CONSULTING<br>AND DEVELOPMENT, LLC<br>136 Springside Drive<br>Springside Lake, North Carolina 28390<br><br>**Defendants.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)** |

## STATEMENT OF THE CASE

On March 31, 2023, Plaintiff filed its Complaint against Defendant Randall Tackett alleging claims of 1) Breach of Fiduciary Duty of Loyalty, 2) Breach of Contract – Non-competition, 3) Breach of Contract – Non-solicitation, and 4) Tortious Interference with Economic Relationship and Prospective Economic Advantage (Dkt. No. 1). Also on March 31, 2023, Plaintiff filed Plaintiff's Motion for Preliminary Injunction or, in the alternative, Temporary Restraining Order (Dkt. No. 3). On June 28, 2023, Plaintiff filed its Amended Complaint, adding SOC-D as a

1

Defendant and bringing additional claims of Defamation and Unfair and Deceptive Trade Practices (Dkt. No. 58).

On May 9, 2023, Defendant Randall Tackett ("Defendant Tackett") filed a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c) (Dkt. No. 30) requesting this Court to issue a protective order regarding the production of highly sensitive and classified information and further to issue an order directing the parties to comply with a court ordered protocol with respect to the forensic examination of the computer of Defendant Tackett, the computer of Chris Newton, and the computer of Jim Noone.

On July 21, 2023, Plaintiff filed its Response to Defendant's Motion for Protective Order (Dkt. No. 63). Plaintiff raises new arguments and information in its Response, including the Declaration of Linwood L. Jongema (Dkt. No. 63-11) and Supplemental Declaration of Ronald Christopher Newton (Dkt. No. 63-10), both attached to its Response.

Defendants submit this Memorandum of Law in support of Defendants' Motion for Leave to File a Reply to Plaintiff's Response to Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c).

**STATEMENT OF FACTS**

Defendant Tackett's computer contains information far beyond the scope of Plaintiff's discovery requests and far beyond the scope of discovery and the issues in this case. Furthermore, because of his classified work with the United States government, Defendant Tackett's computer contains confidential government information (Tackett 2nd Supp. Aff. Dkt. No. 29 ¶¶ 4-13). Defendant Tackett has and continues to perform classified operations directed by the United States Special Operations Command (SOCOM) and the Paramilitary Division, either in his personal name or under the name of his company, SOC-D. *Id.* Because of the sensitive and classified nature of the work he performs, SOCOM has installed software on his personal

computer and mobile SCIF protection to retain and protect information on his operating system. (Tackett 2nd Supp. Aff. Dkt. No. 29 ¶ 5.) Additionally, the government has issued to Defendant Tackett and installed on his computer certain proprietary software. Defendant Tackett is not authorized to permit unauthorized people or entities to access his computer or to create a forensic image or drive image of his hard drive because doing so would give unauthorized individuals access to classified operational information which belongs to the U.S. government. (Tackett 2nd Supp. Aff. Dkt. No. 29 ¶¶ 7-13.) Plaintiff has demanded access to Defendant Tackett's computer.

Defendant Tackett objected to the production of the computer in this manner on the grounds that Defendant Tackett could not provide the computer as it contained classified government information he is obligated to keep confidential. Defendant Tackett also made a global objection to production of classified information without an agreement between the parties as to a proper protocol to ensure the information is kept confidential and that Defendant Tackett complies with his obligations to the government to keep the information protected.

In response to the Plaintiff's demand to access Defendant's computer, Defendant Tackett suggested that both his computer and Mr. Newton's computer be placed in the custody of the Joint Special Operations Command "JSOC" at Fort Bragg, North Carolina, where both computers could be analyzed by experts. (Tackett 2nd Supp. Aff. Dkt. No. 29 ¶¶ 14-19.) Defendant Tackett sought and received authorization to provide his computer to JSOC for digital forensics.

## **LEGAL STANDARD**

Under Local Civil Rule 7.1(g)(2), replies are not authorized as a matter of right for discovery motions. However, Local Civil Rule 1.1 provides that "[a] judge or magistrate judge, for good cause and in his or her discretion, may alter these rules in any particular case" and may authorize a reply. *See Buyer's Direct v. Belk, Inc.*, 2012 U.S. Dist. LEXIS 208305, *2 (E.D.N.C. Nov. 28, 2012) (allowing leave to file a reply in further support of motion for protective order "for

good cause shown"); *Ladd v. Research Triangle Inst., 2008 U.S. Dist. LEXIS 140528, *8* (E.D.N.C. Jan. 7, 2008) ("The court, of course, retains the discretion to modify the Local Rules in a particular case and allow replies in discovery disputes for good cause. Local Civ. Rule 1.1, E.D.N.C.")

## ARGUMENT

Good cause exists for leave to file a reply. Defendant Tackett's computer contains confidential information which is unrelated to the claims and defenses in this case, and which belong to Defendants and the U.S. government, and which the U.S. government has prohibited Defendant Tackett from disclosing to unauthorized people or entities, including Plaintiff.

As demonstrated in the Affidavits of Defendant Tackett (Dkt. No. 18-1, 24, 29, and 43) and J. Todd Nunley (Dkt. No. 64), Mr. Tackett access to classified and sensitive information and Mr. Tackett's activities, both historically and recently, on behalf of the United States of America, establish that the contents of his computer, and the need for protection of the information on his computer, is far greater than Mr. Newton's desire to verify two (2) e-mails he does not recall sending or receiving. In fact, critical data contained on the computer, including programs, are owned and were installed by the United States government, not Defendant Tackett.

Defendant Tackett is the most knowledgeable individual regarding the contents of his computer, the sensitivity of the information, and the confidentiality obligations he is under, and the feasibility of the proposed solutions.

Additionally, Plaintiff's Response, including its attached Declaration of Linwood L. Jongema, raises new arguments to which Defendants need an opportunity to rebut.

Good cause exists for leave to file a Reply and supporting affidavits given the sensitivity of the information, the new arguments made by Plaintiff, the respective knowledge of the parties, and the negative effects on Defendants and third parties, including the U.S. government, if the information on the Defendant Tackett's personal computer is disclosed outside of Defendants'

requested protective order. Defendants should also have the opportunity to respond to Plaintiff's Response and all attachments before the Court makes a ruling on Defendants' Motion for Protective Order. Permitting a Reply will not delay the case.

## CONCLUSION

Based upon the foregoing facts, arguments, and legal authority, Defendants respectfully request that the Court grant Defendants' Motion for Leave to File their Reply to Plaintiff's Response to Motion for Protective Order.

This, the 27th day of July 2023.

VAN CAMP, MEACHAM & NEWMAN, PLLC
*Attorney for Defendants*

By: */s/ Thomas M. Van Camp*
Thomas M. Van Camp, NCSB # 16872
Post Office Drawer 1389
Pinehurst, North Carolina 28370
Telephone: (910) 295-2525
Facsimile: (910) 295-5101
thomasv@vancamplaw.com

# CERTIFICATE OF SERVICE

I certify that on July 27th, 2023, the counsels named below were served with a copy of **DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)** by U.S. Mail and electronic mail in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

WARD AND SMITH P.A.
*Counsels for Plaintiff*
S. McKinley Gray, III, Esq.
Emily G. Massey, Esq.
Post Office Box 867
New Bern, North Carolina 28563-0867
Telephone: (252) 672-5476
Facsimile: (252) 672-5477
smg@wardandsmith.com
egmassey@wardandsmith.com


GREENBERG TRAURIG, LLP
*Lead counsel for Plaintiff*
Timothy C. Bass, Esq.
1750 Tysons Blvd.
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1367
Facsimile: (704) 749-1301
basst@gtlaw.com


This, the 27th day of July 2023.

                                      VAN CAMP, MEACHAM & NEWMAN, PLLC
                                      *Attorney for Defendants*

By:    */s/ Thomas M. Van Camp*
         Thomas M. Van Camp, NCSB # 16872
         Post Office Drawer 1389
         Pinehurst, North Carolina 28370
         Telephone: (910) 295-2525
         Facsimile: (910) 295-5101
         thomasv@vancamplaw.com