# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## CIVIL ACTION NO. 5:23-cv-0168

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC<br>923 Maple Grove Drive, Suite 201,<br>Fredericksburg, VA 22407,<br><br>**Plaintiff,**<br><br>v.<br><br>RANDALL TACKETT<br>136 Springside Drive<br>Spring Lake, North Carolina 28390,<br><br>and<br><br>SPECIAL OPERATIONS CONSULTING<br>AND DEVELOPMENT, LLC<br>136 Springside Drive<br>Springside Lake, North Carolina 28390<br><br>**Defendants.** | **DEFENDANTS' MOTION TO DISSOLVE THE CONSENT ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, TEMPORARY RESTRAINING ORDER** |

NOW COME, Defendants, Randall Tackett and Special Operations Consulting and Development, LLC, by and through their counsel, and respectfully submit Defendants' Motion to Dissolve the Consent Order on Plaintiff's Motion for Preliminary Injunction or, in the Alternative, Temporary Restraining Order filed with the Court on May 12, 2023 (Dkt. No. 34). In support of their Motion Defendants show unto the Court as follows.

1. On March 31, 2023, Plaintiff filed this action against Defendant, Randall Tackett, asserting claims for 1) breach of fiduciary duty of loyalty, 2) breach of contract – non-competition, 3) breach of contract – non-solicitation, and 4) tortious interference with economic relationship

1

and prospective economic advantage (Dkt. No. 1). Plaintiff also filed a Motion for Preliminary Injunction or, in the Alternative, Temporary Restraining Order (Dkt. No. 3).

2. The Court entered an Order on April 3, 2023, stating it was not inclined to act *ex parte* regarding the Plaintiff's request for injunctive relief and noticed a telephonic conference for 1:30 p.m. on April 10, 2023 (Dkt. No. 6).

3. The telephone conference was subsequently continued to April 11, 2023, at 1:30 p.m. (Dkt. No. 9).

4. Prior to conference, the parties submitted a Notice of Filing the Proposed Agreed Order on Plaintiff's Motion for Preliminary Injunction or, in the Alternative, Temporary Restraining Order (Dkt. No. 15).

5. On April 12, 2023, the Court entered an Order, with the consent of all parties, prohibiting Defendant from entering into any contract or agreement with specific individuals and entities in Taiwan. The Court also addressed Plaintiff's request that Defendant return all confidential/proprietary information, pursuant to the Mutual Non-Disclosure Agreement ("NDA") (Dkt. No. 17). The Court ordered that, to the extent that Defendant had not already done so, Defendant must return all personal property, including computers, computer monitors, computer mouses, cell phones, hard drives, sticks, USB drives, SSD drives, SSD cards, or CDs or any other electronic storage devices that have Plaintiff's data on them, as well as any documents, files or information containing Plaintiff's briefings, budgets, client lists, contact information or any other proprietary information belonging to Plaintiff. Defendant was required to provide the above-referenced information and materials to Plaintiff on or before April 14, 2023.[1]

---

[1] Defendant Tackett had returned to Plaintiff all documents and items prior to the Court entered the April 12, 2023, Order.

6. The Court's April 12, 2023, Order also provided that, if Defendant's return of the requested information was in some way deficient, Plaintiff shall notice the Court in a filing on or before April 19, 2023, describing any personal property or proprietary information asserted as belonging to Plaintiff and not returned by Defendant by April 14, 2023. The Court Order further provided that if no timely filing is made, "it shall be assumed the return described above fully was completed."

7. Plaintiff never filed any notice with the Court indicating that Plaintiff did not receive all of the information, documentation, and materials requested. The issue has not been raised by Plaintiff since the entry of the Court April 12, 2023, Order.

8. The Court's April 12, 2023, Order scheduled the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction for May 10, 2023 (Dkt. No. 17).

9. On April 20, 2023, Defendant filed Answer and Affirmative Defenses denying all material allegations and claims contained in the Plaintiff's Complaint (Dkt. No. 22).

10. During the May 10, 2023, hearing, the parties negotiated and presented to the Court an Agreed Further Order on Plaintiff's Motion for Preliminary Injunction or, in the Alternative, Temporary Restraining Order, which the Court executed on May 12, 2023, and filed under seal (Dkt. No. 34).

11. Both Court's Orders relating to Plaintiff's request for injunctive relief were voluntarily consented to by Defendant Tackett and related specifically to contact with a specific Taiwanese foreign entity and its representatives. By consent, the Order also prohibited the Defendant and SOC-D from entering into a contract related to providing military training to Taiwanese citizens. The Order did not include any prohibition related to any other alleged customer or potential customer of Plaintiff. Plaintiff has not identified any other Global

Dimensions' customers, potential or existing, that it contends the Defendant Tackett's diverted or solicited. Plaintiff has conceded that "the only violation at issue is Tackett's solicitation of TTRDA" (Dkt. No. 56 p. 6 of 12).

12. Defendant voluntarily consented to this request for injunctive relief solely because all business opportunities relating to the Taiwanese foreign entity were terminated, making the request for injunctive relief by Plaintiff a moot point. At no time did Defendant concede or agree that Plaintiff had met its burden with respect to its request for injunctive relief. The Court Order did not make any finding that Plaintiff had a likelihood of success or that Plaintiff would suffer immediate or irreparable harm absent injunctive relief.

13. Based upon further investigation and upon the receipt and review of Plaintiff's discovery responses, it is now clear that Plaintiff cannot establish a likelihood of success on the merits of any claim asserted in its Complaint and cannot establish irreparable harm to Plaintiff with respect to its claims because:

1. Plaintiff's claim for breach of fiduciary duty is governed by North Carolina law and, under the circumstances presented in this case, North Carolina does not recognize a fiduciary relationship between an employer and an employee;

2. Although Plaintiff has attempted to redefine its contractual claims for non-competition and non-solicitation in order to survive the Defendant's Motion for Judgment on the Pleadings, Plaintiff still has no contractual cause of action because a) the non-solicitation clause is unenforceable on its face because it does not contain any time limit; b) the non-solicitation clause's geographical scope is overly broad and unreasonable as a matter of law; and c) even if the Court were to exercise its discretion and strike the geographical clause and replace it with customer-based restriction, as Plaintiff suggests, Plaintiff's claim fails because the customer-based restriction is not limited to customers that the Defendant Tackett had any contact or relationship with during his employment with Plaintiff;

3. Plaintiff's claim for tortious interference with economic relationship and prospective economic advantage has no merit because Plaintiff a) failed to renew its ITAR registration rendering its ITAR license ineffective, b) assuming Plaintiff's ITAR license was in effect, the restrictions contain on the face of the license expressly prohibited Plaintiff from discussing or providing military training to Taiwanese

4

citizens; c) Plaintiff failed to obtain other necessary approval from United States government agencies to provide tactical training to Taiwanese citizens; d) TTRDA has gone on record that, after it completed its due diligence regarding Plaintiff's capabilities, it would not under any circumstance do business with Plaintiff; and e) the loss of any possible business relationship with TTRDA was the result of Plaintiff's own conduct after TTRDA selected the Defendant Tackett, not Global Dimensions, to conduct and supervise the military training. Thus, Plaintiff did not have the legal right or authority to enter into a contract or perform tactical training to TTRDA and, thus, an economic advantage to Plaintiff never existed.[2] Moreover, even if Plaintiff had the legal authority to provide military training to TTRDA, TTRDA would never have contracted with Plaintiff for reasons unrelated to the Defendant Tackett.

4. Plaintiff's recent focus on the Defendants' alleged use of its confidential and proprietary information, rather than its flawed contractual claims regarding solicitation and competition, is without merit because a) Plaintiff has gone on record that the POI presented to TTRDA by Defendant Tackett was not "novel or new" and included skills, tactics and practices that are "standard" in Special Operations Training. Thus, not only is the information not confidential but also, does not belong to the Plaintiff; b) Defendant Tackett has returned to Plaintiff all information, items, equipment and other alleged proprietary information belonging to Plaintiff and did so prior to the Court's April 12, 2023, Order; c) even assuming the Plaintiff's allegations are true, Defendant Tackett only disseminated this alleged confidential information to TTRDA, who had clearly reviewed the information; and d) the alleged confidential information has been produced in discovery in this case and made public in Court filings without any protective order or confidentiality agreement.

5. Because Plaintiff could not have lawfully performed any tactical training to TTRDA, it cannot prove monetary damages through a loss of business, which is an element of its claim.

6. Plaintiff cannot establish that it will suffer any immediate irreparable harm absent injunction relief because TTRDA has stated on the record in this case that they will not do business with Plaintiff now, or in the future. There is no evidence that TTRDA has changed its position. There is no evidence that Plaintiff is still discussing with TTRDA any potential contract or business relationship. Thus, even if Defendant Tackett engaged in conduct alleged in the Plaintiff's Amended Complaint, there is no immediate, imminent or irreparable harm to prevent through injunctive relief. If Plaintiff has indeed suffered any injury at the hands of Defendant Tackett it can be addressed by an award of monetary damages.

In support of the Defendants' Motion, Defendants submit the Affidavit of Timothy Duffy, and Vincent Canzoneri, as well as the Fourth Supplemental Affidavit of Randall Tackett.

---

[2] Plaintiff's newly asserted claims for defamation and unfair trade practice relate to conduct after original suit was filed and do not relate to Plaintiff's request for injunctive relief.

Defendants also submit their Memorandum of Law in Support of Defendants' Motion to Dissolve the Consent Order entered by the Court on May 12, 2023.

WHEREFORE, the Defendants respectfully request that the Court's May 12, 2023, Order (Dkt. No. 34) be dissolved.

This, the 4th day of August 2023.

                                           VAN CAMP, MEACHAM & NEWMAN, PLLC
                                           *Attorney for Defendant*

By:    */s/ Thomas M. Van Camp*
           Thomas M. Van Camp, NCSB # 16872
           Post Office Drawer 1389
           Pinehurst, North Carolina 28370
           Telephone: (910) 295-2525
           Facsimile: (910) 295-5101
           thomasv@vancamplaw.com

6

Case 5:23-cv-00168-FL   Document 71   Filed 08/04/23   Page 6 of 7

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **DEFENDANTS' MOTION TO DISSOLVE THE CONSENT ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, TEMPORARY RESTRAINING ORDER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

**WARD AND SMITH P.A.**
*Counsels for Plaintiff*
S. McKinley Gray, III, Esq.
Emily G. Massey, Esq.
Post Office Box 867
New Bern, North Carolina 28563-0867
Telephone: (252) 672-5476
Facsimile: (252) 672-5477
smg@wardandsmith.com
egmassey@wardandsmith.com


**GREENBERG TRAURIG, LLP**
*Lead counsel for Plaintiff*
Timothy C. Bass, Esq.
1750 Tysons Blvd.
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1367
Facsimile: (704) 749-1301
basst@gtlaw.com


This, the 4th day of August 2023.

           VAN CAMP, MEACHAM & NEWMAN, PLLC
           *Attorney for Defendant*


    By: */s/ Thomas M. Van Camp*
      Thomas M. Van Camp, NCSB # 16872
      Post Office Drawer 1389
      Pinehurst, North Carolina 28370
      Telephone: (910) 295-2525
      Facsimile: (910) 295-5101
      thomasv@vancamplaw.com