IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO. 5:23-cv-0168

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC, <br> 923 Maple Grove Drive, Suite 201, <br> Fredericksburg, VA 22407, <br>             Plaintiff, <br><br> v. <br><br> RANDALL TACKETT, <br> 136 Springside Drive <br> Spring Lake, NC  28390, <br><br> and <br><br> SPECIAL OPERATIONS CONSULTING <br> AND DEVELOPMENT, LLC <br> 136 Springside Drive <br> Spring Lake, NC  28390 <br>             Defendants. | PLAINTIFF'S MOTION TO COMPEL <br> COMPLIANCE WITH DISCOVERY <br> [F.R.C.P. 37] |

Plaintiff Global Dimensions, LLC ("Global Dimensions" or "Plaintiff"), by counsel, files this Memorandum of Law in support of its Motion to Compel Compliance with Discovery from Defendant Randall Tackett[1] ("Tackett" or "Defendant").

## I.     INTRODUCTION

Documents recently produced by WWC Global, LLC ("WWC Global") offer a prime example of why this Motion to Compel is necessary. In response to Global Dimension's third-party subpoena, attached hereto as **Exhibit A**, WWC Global, which provides services similar to those of Global Dimensions, produced without objection documents showing that Tackett worked as a

---

[1] Plaintiff's discovery requests were issued to Defendant Tackett prior to Plaintiff amending its Complaint.  However, Plaintiff has since filed an Amended Complaint adding Defendant Special Operations Consulting and Development, LLC ("SOC-D").

consultant at WWC Global at the same time that he also worked as a full-time employee at Global Dimensions. *See* Offer letter attached hereto as **Exhibit B**. This information is highly relevant to Plaintiff's claims in this action asserting that Tackett diverted customers away from Global Dimensions, yet Tackett refused to respond to Plaintiff's Interrogatory No. 1, which asked for information about any other companies Tackett may have worked for while also working for Global Dimensions. While Tackett's objections to providing such information are absurd, we now know that his true reason for not producing the requested information was to hide relevant facts which will demonstrate that Tackett's allegiances were split at a time when he was supposed to be exclusively working for Global Dimensions.

Tackett's failure to answer Interrogatory No. 1 is just one of many examples of Tackett refusing to provide adequate responses to Plaintiff's discovery requests. As such, Plaintiff asks this Court to grant its Motion to Compel Compliance with Discovery from Defendants and require Defendants' compliance with Plaintiff's Request for Inspection[2], Plaintiff's First Set of Interrogatories, and Plaintiff's Second Request for Production of Documents (referred to collectively herein as the "Discovery Requests") as identified herein. It has been more than five weeks since Defendants' initial response to the Discovery Requests and more than one month since Global Dimensions issued its first discovery deficiency notice on Tackett, and Tackett still refuses to fully respond to the Discovery Requests on the basis of classified information and relevancy. Rather than cooperate in discovery, Tackett has offered only resistance and baseless objections. Global Dimensions is left with no recourse but to seek relief from the Court.

---

[2] This Memorandum of Law does not address in detail the Request for Inspection because Defendant's objections are discussed in Defendant's Motion for Protective Order (Dkt. No. 30) and Plaintiff's Response in Opposition (Dkt. No. 63) outlines the flaws in such objections.

## II. RELEVANT FACTS

Global Dimensions refers to the procedural history as provided in detail in its underlying Motion to Compel, and provides the following as additional necessary context.

Global Dimensions filed claims against Tackett for (1) breach of fiduciary duty and loyalty; (2) breach of non-disclosure and confidentiality contractual provisions; (3) breach of non-solicitation contractual provisions; and (4) tortious interference with prospective economic advantage, all stemming from Tackett's theft and diversion of Global Dimensions' clients. (Dkt. No. 58). Global Dimensions also filed claims against both Tackett and his company, Special Operations Consulting and Development, LLC ("SOC-D"), for (5) defamation; and (6) unfair and deceptive trade practice. (*Id.*). Tackett's defense to these claims, in part, has been that he resigned from Global Dimensions prior to soliciting Plaintiff's customers and that Plaintiff consented to Tackett working these customers on his own through SOC-D or other companies. (*See* Dkt. No. 18, p. 4). In support thereof, Tackett points to a May 8, 2020 email from Plaintiff's CEO which supposedly authorized Tackett to compete with Global Dimensions and a January 26, 2023 resignation letter which Tackett supposedly sent to Global Dimensions by email on January 28, 2023. (Dkt. Nos. 18-3, 18-4). Both of those documents are forgeries.

Indeed, on May 9, 2023, Global Dimensions procured a forensic analysis report from KLDiscovery regarding the authenticity of the two emails and resignation letter provided by Tackett on a thumb drive. (*See* KLDiscovery Expert Report, Dkt. No. 63-1). Importantly, the report found that the PDF version of the January 26, 2023 Resignation Letter (filed with this Court as Dkt. Nos. 13-4 and 18-4) was actually created on *March 27, 2023* and modified on *March 28, 2023*, <u>not</u> January 26, 2023. (*Id.*, p. 3). The report also found that the cover email for the January 26, 2023 Resignation Letter was dated as "Tuesday" January 28, 2023 when, in fact, January 28,

2023 was a Saturday. (*Id.*) Finally, Plaintiff's forensic analyst examined Global Dimensions' computer systems and found no evidence that the May 8, 2020 email or the January 28, 2023 email were ever sent to or received by the relevant Global Dimensions email accounts. (*Id.*)

This troubling discovery, along with other indicia of untruthfulness, necessitated Global Dimensions' request to examine the computer Tackett utilized to create, send, receive, and store the emails and document sought. Tackett then filed a Motion for Protective Order. (Dkt. No. 30).

On May 12, 2023, Global Dimensions and Defendant agreed upon a Consent Order addressing the briefing schedule for Tackett's Motion for Protective Order. (Dkt. No. 34). The Court then granted the parties' consent request to extend Global Dimensions' deadline to respond to the Motion for Protective Order through July 21, 2023 so that Plaintiff could conduct additional discovery regarding the same. (Dkt. No. 44). However, as detailed in Plaintiff's Response in Opposition to Defendants' Motion for Protective Order (Dkt. No. 63), Tackett refused to provide any useful information or produce documents that would inform a computer search protocol targeted to seek the three documents at issue while protecting unrelated information. (*See, e.g.,* Dkt. Nos. 63-5, 63-6, 63-7, 63-8).

Tackett also refused to respond to Plaintiff's Interrogatories targeted toward (i) Tackett's work for other companies during his employment with Global Dimensions; (ii) Tackett's procurement of work for himself, SOC-D, or other companies during his employment with Global Dimensions; (iii) identities of individuals he spoke with in the U.S. and Taiwanese governments to disparage and defame Global Dimensions and its CEO Chris Newton; and (iv) information regarding various other statements made in Tackett's affidavits filed with this Court in support of his defenses. (*See generally* Dkt. Nos. 63-6, 63-7). Tackett provided supplemented discovery

4

responses to some of Plaintiff's Interrogatories on August 7, 2023. However, such responses are still insufficient.

Tackett has failed to adequately respond to the Discovery Requests. It is obvious that Tackett is attempting to hide the truth leaving Plaintiff with no recourse but seek this Motion to Compel from the Court to address Tackett's discovery deficiencies.

### III. ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the language of the Rule suggests, relevancy is broadly construed in discovery contexts. *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984). The policy of the Rules favors full disclosure, and it is rare that a particular item of information will not be relevant during the discovery phase of an action. *Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 676 (D.D.C. 1989). "While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Beach Mart, Inc. v. L&L Wings, Inc.*, 2:11–CV–44–F (E.D.N.C. Mar. 18, 2013) (internal citation omitted) (unpublished). The burden of showing that the requested discovery is not relevant is on the party challenging the discovery. *Spell*, 591 F. Supp. at 1114 (citing *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978)).

Plaintiff's Discovery Requests are relevant to Plaintiff's claims and Tackett's defenses provided in his filings with the Court. Through the Discovery Requests, Global Dimensions seeks to determine what other clients or prospective clients of Global Dimensions Tackett solicited or

5

diverted during his employment; which individuals he spoke to and what he said in those conversations regarding Global Dimensions' purported misconduct as stated in Tackett's affidavits; and to confirm information regarding Tackett's purported work on classified projects and possession of a classified computer which supports his objections for releasing discoverable information.

There are valid, relevant issues that Global Dimensions seeks to explore through discovery. The full disclosure of such information relevant to a party's claims or defenses is the very purpose of the broad discovery permitted by the Federal Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 26(b)(1); *Spell*, 591 F. Supp. at 1114.

### A. <u>Tackett's Discovery Responses Demonstrate No Responsive Information Is Classified.</u>

Tackett asserts that the majority of Plaintiff's Discovery Requests require Tackett to disclose classified information without authorization. Specifically, Tackett makes such objections to Interrogatories No. 5, 6, 7 and 9. However, Tackett has repeatedly failed to provide particularized arguments with respect to what information sought is classified or why such information is classified. *See Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 2526629, at *2 (D.N.M. May 18, 2020). "Executive Order 13526 recognizes information as classified *only* if it has been so designated by an 'original classification authority,' *and* if the original classification authority determines that its disclosure 'reasonably could be expected to result in damage to the national security.'" *Id.* Under Executive Order 13526, "original classification authority" is exercised only by the President and Vice President and other government officials to whom authority has been delegated. Classified National Security Information, 75 Fed. Reg. 708 (Dec. 29, 2009). Tackett fails to demonstrate that either condition of recognizing information as classified has been satisfied.

6

To the contrary, Tackett admitted in his response to Plaintiff's Interrogatory No. 13 that he "is unaware as to whether the U.S. government has deemed the information classified." (Dkt. No. 63-6, p. 35). Despite Tackett's own admission that nothing relevant to this action has been deemed classified by the U.S. Government, it appears through his lengthy objections that he believes such information *should be* classified. Yet Tackett does not indicate which original classification authority is purportedly investigating these issues to determine whether the information should be classified, nor has he indicated that he requested that any original classification authority classify certain information pursuant to Executive Order 13526. In this regard, one individual cannot simply choose to designate information as classified.

Additionally, Tackett has failed to produce minimal unclassified evidence available to justify his claims regarding classified information on his computer. When asked what information is classified in this case, Tackett has been unable to provide a consistent or coherent response. For example, in response to Plaintiff's Interrogatory No. 9 asking Tackett what specific information he contends has been disclosed in any of Plaintiff's filings with this Court which is classified or has otherwise been impermissibly made publicly available, Tackett stated:

> Plaintiff has disclosed without permission an operation name (already sensitive) coupled directly with an individual and an organization (already sensitive). The combination of such pieces of sensitive information is the issue, as that act elevates the classification status, an understanding that is fundamental for individuals and entities engaged in operating in the Special Operations community. The classification status is "Secret" and has been classified by the authorized entities of Taiwan MOJ, AMI in Taiwan, and the Bureau of East Asian and Pacific Affairs, SOCPAC.

(No. 63-6, p. 23).

Significantly, Tackett has not produced any independent evidence that any entity in Taiwan has classified the information at issue; rather, Tackett relies on inadmissible hearsay statements and claims he spoke to unnamed individuals in Taiwan who told him that the information was

7

classified. (Dkt. No. 43 ¶ 10). That assertion, however, is directly contradicted by other documents Tackett filed in this case. Specifically, Tackett sent to Mr. Newton, SOC-D's Letter of Intent with TTRDA regarding the "Viper Program" (the "LOI"). (Dkt. No. 58-5). The LOI included no designation that it contained classified information. In addition, Tackett filed an Affidavit with this Court in which he attached an email from "Masa Lei" with TTRDA in which Mr. Lei wrote: "we have decided to terminate the execution of the 'Viper Project'." (Dkt. No. 24-7). If the names of the project and the individuals associated with it had been designated as "classified" by the Taiwanese government as Tackett argued in his response to Interrogatory No. 9, then Mr. Lei and TTRDA would not have sent this email or the LOI over the Internet or, at minimum, would have included some indication in the correspondence that the information therein was classified. Furthermore, if this information was "classified," then Tackett would not have filed his affidavit or Mr. Lei's email unsealed with this Court. Tackett, however, submitted Mr. Lei's email without asking that it be kept under seal thus demonstrating Tackett's implicit understanding that the information therein was not classified.

Accordingly, Tackett's broad objections citing Executive Order 13526 and his failure to provide specific responses identifying the original classification authority investigating this issue demonstrate that Tackett is using the front of "classified" information to refuse to provide discoverable information.

B. **Tackett Refuses to Answer Relevant Discovery Requests Under the Guise of Baseless Objections.**

Tackett objected to Interrogatory No. 1, which relates to his work history. Tackett's objections are improper as Global Dimensions is entitled to discover the requested information given the nature of its claims regarding Tackett's improper solicitation of and provision of services to Global Dimensions' clients and prospective clients, which Tackett was made aware of through

8

access to Global Dimensions' confidential information during his employment. Global Dimensions is entitled to discover the requested information so that it may adequately support its claims against Defendants. Although Tackett provided supplemental discovery responses including some entities for which he worked, he continues to maintain his unfounded objections and refuses to provided information regarding relevant companies. Upon issuance of a third-party Subpoena (Exhibit A), Global Dimensions was able to confirm that Tackett worked as a full-time employee for WWC Global (a competitor) during his full-time employment with Global Dimensions (Exhibit B). Tackett certainly possessed this relevant, nonprivileged, and unclassified information yet refused to provide it. (Dkt. No. 63-6, p. 1-4). He also did not identify WWC Global as an employer in his most recent discovery supplementation. This is blatant evidence of violating the rules of discovery and underscores the importance to compel Tackett to fully respond to this and other discovery requests.

Tackett also objected to Interrogatory No. 2, which seeks information about any contracts, agreements, letters of intent and memoranda of understanding Tackett obtained or helped procure for his own company or other companies while simultaneously employed by Global Dimensions. Again, Tackett's objections are improper. Specifically, the contracts and similar agreements Tackett helped procure during his employment with Global Dimensions are directly related to the improper solicitation of Plaintiff's clients and prospective clients. Furthermore, Tackett filed an Affidavit stating "during my employment with Global Dimensions, my company [i.e., SOC-D]…unilaterally pursued and executed contracts." (Dkt. No. 13-1 ¶ 11). Tackett must respond to Interrogatory No. 2, as the requested information could provide additional information regarding covertly diverted business opportunities.

9

Tackett objected to Interrogatories No. 8, 10, 11, and 12, which relate to his communication with government officials in Taiwan and the United States Government. Regarding Interrogatory No. 8, Tackett produced a document as part of his supplemental document production identifying the dates of contacts he had with various governmental entities. While Tackett also produced the responses he received from the governmental agencies, he still has not identified the specific persons he initially communicated with nor specified what he told these agencies. (Dkt. No. 63-6, p. 17-20; 23-33). That information is directly at issue in Plaintiff's defamation and unfair and deceptive trade practices claims and was made relevant when Tackett filed a Third Supplemental Affidavit with the Court claiming to have initiated investigations against Global Dimensions with various governmental entities. (Dkt. No. 43). Global Dimensions is entitled to explore to the fullest extent the nature of those communications with the various governmental agencies, and Tackett must identify the specific persons with whom he communicated, the specific things he said to such persons, and whether such things were said by phone, email, text or in person.

Regarding Interrogatory No. 10, Tackett failed to provide the name of the person within the United State Government who supposedly told Tackett that he "was the only person or entity authorized as a USG officer in Taiwan during the negotiations" related to TTRDA. Tackett asserted this information in his own Affidavit filed with the Court (Dkt. No. 43) and, therefore, made this information directly relevant to Plaintiff's claims, Tackett's Answer, and his defenses against Plaintiff's claims. As such, Plaintiff is entitled to the name of the government official requested.

Likewise, Interrogatory No. 11 seeks the name of the interviewer, date and attendees at Tackett's purported interview with the Inspector General Office for the Department of Defense in which Tackett supposedly reported Plaintiff for improperly divulging classified information.

While Tackett supplemented his response to Interrogatory No. 11, his response still remains inadequate. Specifically, Tackett failed to state when the interview was conducted or provide case numbers for Inspector General Action Request reports, as expressly sought by Plaintiff. Interrogatory No. 12 similarly seeks information regarding Tackett's reporting of Global Dimensions' behavior to officials in Taiwan. Again, Tackett made this information relevant when Tackett filed an Affidavit with this Court accusing Global Dimensions of wrongdoing. (Dkt. No. 43). Those accusations, in turn, are directly related to Plaintiff's claims of defamation and unfair and deceptive trade practices. Tackett has not provided justification for his objections that such responses would be irrelevant or classified. Tackett also supplemented his response to Interrogatory No. 12 to provide points of contact and dates of communications. However, this supplemental response is similarly deficient as Tackett fails to state specifically what was said as part of his communications.

Interrogatory Nos. 5, 6, and 7 request information necessary to respond to the Motion for Protective Order, such as requests for information regarding the level of classified material stored on Tackett's computer, the details surrounding Tackett's government-issued SCIF computer, and the nature of the software Tackett claimed to have which would prevent Plaintiff's forensic expert from doing a limited search of his computer for the documents in question. (Dkt. No. 63-3, at Interrogatory Nos. 5, 6, 7). In response, Tackett provided lengthy, unwarranted objections and very little substantive information. (*See* Dkt. No. 63-6, p. 11-17).

Finally, Plaintiff's Requests for Production of Documents Nos. 16, 17, 18, 19, 20, 21, and 22 asked for certificates and other information proving that: (i) Tackett is entitled to receive and maintain classified information on his personal computer; (ii) the United States Government has designated Tackett's computer as a "SCIF" computer and has issued him a DD Form 254 which

11

is required for such computer; (iii) the United States Government has performed inspections of his computer as is required with all "SCIF" computers and has issued a UL 2050 certification of inspection; (iv) the United States Government has installed proprietary software on Tackett's computer; and (v) Tackett has had communications with JSOC or other United States Government officials regarding Plaintiff's request to inspect his computer. (*See* Dkt. No. 63-4, at Request Nos. 16-22). Tackett failed to produce any documents in response to those requests and, instead, issued the same host of excessive objections that he issued in response to Plaintiff's interrogatories. (*See* Dkt. No. 63-8).

## IV. CONCLUSION

As outlined in the Motion filed contemporaneously herewith, Global Dimensions asks that this Court grant its Motion to Compel, modify the Case Management Order to extend Plaintiff's deadline to modify its pleadings following Defendants' full response to the Discovery Requests, and require that Defendants pay Global Dimensions' reasonable expenses and attorneys' fees incurred in making this Motion.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURES APPEAR ON FOLLOWING PAGE]*

This the 7th day of August, 2023.

/s/ S. McKinley Gray, III
S. McKinley Gray, III
N.C. State Bar I.D. No.: 019939
email: docket@wardandsmith.com*
email: smg@wardandsmith.com**
Emily G. Massey
N.C. State Bar I.D. No.: 52283
email: egmassey@wardandsmith.com**
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: 252.672.5400
Facsimile: 252.672.5477
*Local Civil Rule 83.1 (d) Attorneys for Plaintiff*

/s/ Timothy C. Bass
Timothy C. Bass
Virginia Bar I.D. No.: 40122
email: basst@gtlaw.com
For the firm of
Greenberg Traurig, LLP
1750 Tysons Blvd., #1000
McLean Virginia 22102
Telephone: 703.749.1300
Facsimile: 703.749.1310
*Lead Counsel for Plaintiff*

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

13

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I electronically filed PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DISCOVERY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Thomas M. Van Camp, Esq.
>Van Camp, Meacham & Newman, PLLC
>Post Office Box 1389
>2 Regional Circle
>Pinehurst, NC 28370
>thomasv@vancamplaw.com

>*/s/ S. McKinley Gray, III*
>S. McKinley Gray, III
>N.C. State Bar I.D. No.: 019939
>email: docket@wardandsmith.com*
>email: smg@wardandsmith.com**
>For the firm of Ward and Smith, P.A.
>Post Office Box 867
>New Bern, NC 28563-0867
>Telephone: 252.672.5400
>Facsimile: 252.672.5477
>*Local Civil Rule 83.1 (d) Attorneys for Plaintiff*

*This email address must be used in order to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4892-2934-5649, v. 9