IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00168-FL

| **Global Dimensions, LLC**, | |
| Plaintiff, | |
| v. | **Order** |
| **Randall Tackett & Special Operations Consulting and Development, LLC**, | |
| Defendant. | |

Defendants Randall Tackett and Special Operations Consulting and Development, LLC previously asked the court to stay this proceeding while Tackett was allegedly involved in various activities for the United States government. D.E. 120. Defendants recently informed the court that they wished to withdraw this motion. D.E. 150.

Courts having considered the issue appear to have unanimously held that once a party withdraws a motion, it is as if the motion has never been filed. *Gardiner* v. *Walmart, Inc.*, No. 20-CV-04618, 2021 WL 2520103, at *11 (N.D. Cal. Mar. 5, 2021); *Gunn* v. *Drage*, No 2:19-CV-02102, 2020 WL 7889080, at *3 (D. Nev. Dec. 23, 2020), *vacated on other grounds*, 65 F.4th 1109 (9th Cir. 2023); *Donohue* v. *CBS Corp.*, No. 17-CV-07232, 2018 WL 179315 (S.D.N.Y Apr. 6, 2018); *Larson* v. *Harman-Mgmt. Corp.*, No. 1:16-CV-00219, 2018 WL 3326695, at *1 (E.D. Cal. Mar. 22, 2018); *Jiminez* v. *Thor Motor Coach, Inc.*, No. 1:16-CV-01927, 2017 WL 3085015, at *1 (E.D. Cal. Apr. 12, 2017); *Kennedy Krieger Inst., Inc.* v. *Brundage Mgmt. Co.*, Civil No. WDQ-14–1680, 2015 WL 926139, at *3 n.18 (D. Md. Mar. 3, 2015); *BCJJ, LLC* v. *LeFevre*, No. 8:09–CV–551, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012); *Davis* v. *United States*, No. CV-07–0481, 2010 WL 334502, at *2 (C.D. Cal. Jan. 28,

2010); *Caldwell-Baker Co.* v. *S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002); *Remley* v. *Lockheed Martin Corp.*, No. C00–2495CRB , 2001 WL 681257, at *3 (N.D. Cal. June 4, 2001). Given that consensus, and the lack of any authority to the contrary from Global Dimensions, the Clerk of Court shall terminate the motion.

The court notes, however, that the withdrawal notice contains a representation by defense counsel about a conversation he had with an unnamed coworker of Tackett's. This conversation, during which defense "counsel was provided with specific questions he was permitted to ask[,]" apparently dealt with whether Tackett was at work on November 6, 2023—an issue in dispute between the parties. It also relays that Defense Counsel intended to have a conversation with Tackett's supervisor but was unable to do so.

The court reminds counsel of the following two important facts. First, merely making that assertion in a brief in insufficient to establish it as fact. *Morrissey* v. *William Morrow & Co.*, 739 F.2d 962, 967 (4th Cir. 1984) ("Argument of counsel is not evidence[.]"); *Adjabeng* v. *GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) (collecting cases holding that counsel's unsworn statements in briefs are not evidence). If counsel wish for the court to consider information, that information should be submitted in an admissible format.

Second, both this court's Local Civil Rules and the North Carolina Revised Rules of Professional Conduct sharply curtail the ability of attorneys to be witnesses. Under the Local Civil Rules, a party's attorney may only submit an affidavit to the court "if the sworn facts are known to the attorney or the attorney can swear to them upon information and belief[.]" *Id.* The attorney must also establish that one of these circumstances apply:

(1) the facts relate solely to an uncontested matter; or

(2) the facts relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the facts; or

(3) the facts relate solely to the nature and value of the legal services rendered for the person by the attorney or the attorney's law firm; or

(4) the refusal to accept the affidavit would work a substantial hardship on the person and the court finds that its acceptance of the affidavit would not be such as to require that the attorney or the attorney's law firm be disqualified from continuing to appear for the person.

Local Civil Rule 7.1(i). Similarly, the North Carolina Rules of Professional Conduct generally prohibit a lawyer from "act[ing] as [an] advocate at a trial in which the lawyer is likely to be a necessary witness[.]" N.C R. Prof'l Conduct 3.7(a).

Going forward, counsel should ensure that any evidence they wish the court to consider is properly presented. They must also ensure that when presenting evidence to the court they are abiding by the terms of the Local Civil Rules and the North Carolina Rules of Professional Conduct. Failure to do so may result in the imposition of sanctions, up to and including initiation of disciplinary proceedings in this court or a referral to the North Carolina State Bar for disciplinary action by that body.

Dated: February 5, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge