IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:23-cv-0168

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC )<br>923 Maple Grove Drive, Suite 201, )<br>Fredericksburg, VA 22407, )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>RANDALL TACKETT )<br>136 Springside Drive )<br>Spring Lake, North Carolina 28390, )<br> )<br>and )<br> )<br>SPECIAL OPERATIONS CONSULTING )<br>AND DEVELOPMENT, LLC )<br>136 Springside Drive )<br>Springside Lake, North Carolina 28390 )<br> )<br>**Defendants.** )<br> ) | **DEFENDANTS' COUNSEL'S<br>AMENDED MOTION TO WITHDRAW<br>AS COUNSEL** |

**NOW COMES,** Defendants' counsel, Thomas M. Van Camp, and the firm of Van Camp, Meacham & Newman, PLLC, pursuant to Local Civil Rule 5.2(e) and North Carolina Rule of Professional Conduct 1.16, and hereby moves this Court to withdraw as Counsel for the Defendants, and shows unto the Court as follows:

1. On February 7, 2024, United States Magistrate Judge Robert Numbers issued an Order granting Plaintiff's Motion to Compel and ordered that Defendant Randall Tackett ("Defendant Tackett") and his counsel are "jointly and severally liable for payment" of the costs

1

and fees, including Plaintiff's reasonable expenses and attorney's fees, incurred in pursuing the Motion to Compel. [Dkt. 176].

2. The Order creates an inherent conflict of interest because the finding of joint and several liability renders Defendants' counsel's ability to contest and/or appeal the award of fees and costs individually impossible without harming his client, Randall Tackett, in the process. If the Plaintiff's filing Motion for Sanctions requires the Defendants' counsel to defend himself individually, future conflict will arise requiring withdrawal.

3. Pursuant to Rule 1.16(b)(7) of the Rules of Professional Conduct, continued representation will result in an unreasonable financial burden on Defendants' counsel and continued representation has been rendered unreasonably difficult by the Defendants, as Defendants' counsel cannot obtain evidence and facts to defend the Defendants.

4. Pursuant to Rule 1.16 of the Rules of Professional Conduct of the North Carolina State Bar, and comment [3], Defendants' professional considerations require termination of the representation of the Defendants in this matter. In addition, pursuant to Rule 1.7 of the Rules of Professional Conduct, Defendants' counsel believes that his and his firm's representation of the Defendants may materially limit his representation to protect counsel's personal interest in this matter.

5. Defendants' counsel requested a conference with Nichole McLaughlin, a representative of the North Carolina State Bar. Defendants' counsel was able to speak with the North Carolina State Bar's representative on the morning of February 8, 2024. During the consult, Defendants' counsel sought guidance and the State Bar's opinion regarding 1) the Order allowing the Plaintiff's Motion to Compel which, in part, found the Defendant Tackett and his counsel jointly and severally liable for attorney's fees and costs associated with the Motion to Compel; and

2) certain filings made by the Plaintiff relating to letters from both Kalitamara L. Moody and John Capehart and the substance of the Plaintiff's Amended Motion for Sanctions. [Dkt. 178] Counsel for the Defendants also provided to the State Bar's representative background information regarding Mr. Tackett's military service, employment with the Plaintiff and current contractual employment at the CIA/DIA.

6. Based upon these discussions with the State Bar's representative, it was the opinion of the North Carolina State Bar that the undersigned counsel should immediately withdraw from representing the Defendants in this matter on the grounds that there exists an inherent conflict of interest as a result of the Court Order allowing Plaintiff's Motion to Compel and Defendants' counsel's intent to object and/or appeal the Order on his individual behalf.

7. The North Carolina State Bar advised the undersigned counsel to file a Motion to Withdraw and obtain a ruling prior to filing any document with the Court on behalf of the Defendants' counsel individually that may negatively impact the Defendants.

8. Counsel for the Defendants specifically discussed with Stare Bar's representative, Ms. McLaughlin, counsel's objections under Rule 3.3 of the Professional Rules of Conduct and the substance of that conversation is set forth in the Defendants' counsel's Affidavit filed with this Motion. Defendants' counsel represents to this Court that, notwithstanding the Plaintiff's Amended Motion for Sanctions and supporting documents, Defendants' counsel does not know that Defendant Tackett has made any false statement to the Court and, without waiving any attorney-client privilege, Defendant Tackett has provided his counsel with a factual explanation responding to the facts set forth in the Amended Motion for Sanctions, and he strenuously denies that he has made any false statement. These facts were presented to State Bar representative, Ms. McLaughlin, who provided her opinion that Defendants' counsel does not have an obligation, at

3

this time, to make a report under Rule 3.3 to the Court. If circumstances change and Defendant' counsel obtains knowledge that any submission made by the Defendant Tackett is false, Defendants' counsel will comply in all respects with Rule 3.3.

9. Defendants' counsel met with Randall Tackett on Friday, February 9, 2024, and explained to the Defendants his discussion with the State Bar's representative and the opinion offered by the State Bar regarding the undersigned counsel's need to withdraw from representing the Defendants. The Defendants then verbally consented to this Motion to Withdraw on February 9, 2024. On February 13, 2024, Defendants' counsel requested from the Defendants to provide his consent to Motion to Withdraw as Counsel in writing. Defendants' written consent is attached hereto as **Exhibit A**.

10. Defendants' counsel has addressed his position with Plaintiff's counsel. Plaintiff does not object to this Motion as long as the following language was contained in the Motion.

> Plaintiff does not object to a Motion to Withdraw by Thomas M. Van Camp and Van Camp, Meacham & Newman, PLLC, with the understanding that such withdrawal does not impact Plaintiff's ability to seek or obtain attorneys' fees and other sanctions, jointly and severally, against Defendants and their counsel of record for conduct through the date of the motion to withdraw. Plaintiff does not object to an extension of time for Defendants to obtain new counsel or respond to Plaintiff's Amended Motion for Sanctions. Plaintiff will oppose any objection to, or Motion for Reconsideration of, the Court's February 7, 2024, Order.

11. Defendants' counsel has contacted an attorney who is licensed in the Eastern District of North Carolina and is in the process of scheduling a meeting between the Defendants and this attorney. Defendants have also provided to Defendants' counsel the names of possible replacement counsel which the Defendants intend to contact immediately.

12. Defendants respectfully request, and the Plaintiff does not object under the conditions set forth in the § 10 of this Motion, that the Defendants have an additional 21 days to

4

respond to Plaintiff's Amended Motion for Sanctions after the Court issues an Order permitting Defendants' counsel to withdraw.

13. It is Defendants' counsel's belief that he is unable to effectively assist the Defendants in this matter consistent with the applicable Professional Rules of Conduct.

14. Defendants' contact information is listed below :

**RANDALL TACKETT**
136 Springside Drive
Spring Lake, North Carolina 28390
SOC-D.CEO@proton.me

**SPECIAL OPERATIONS CONSULTING AND DEVELOPMENT, LLC**
136 Springside Drive
Springside Lake, North Carolina 28390
SOC-D.CEO@proton.me

15. Defendants' counsel will be participating in the future hearings regarding Plaintiff's Motion for Compel and will be available for the Court for any other issue in this matter.

WHEREFORE, Defendants' counsel, Thomas M. Van Camp, respectfully requests that the Court allow Defendants' Counsel's Amended Motion to Withdraw as Counsel.

This, the 14th day of February 2024.

                                            VAN CAMP, MEACHAM & NEWMAN, PLLC
                                            *Attorney for Defendants*

By:   */s/ Thomas M. Van Camp*
       Thomas M. Van Camp, NCSB # 16872
       Post Office Drawer 1389
       Pinehurst, North Carolina 28370
       Telephone: (910) 295-2525
       Facsimile: (910) 295-5101
       thomasv@vancamplaw.com

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **DEFENDANTS' COUNSEL'S AMENDED MOTION TO WITHDRAW AS COUNSEL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

**WARD AND SMITH P.A.**
*Counsels for Plaintiff*
S. McKinley Gray, III, Esq.
Emily G. Massey, Esq.
Post Office Box 867
New Bern, North Carolina
28563-0867
Telephone: (252) 672-5476
Facsimile: (252) 672-5477
smg@wardandsmith.com
egmassey@wardandsmith.com

**GREENBERG TRAURIG, LLP**
*Lead counsel for Plaintiff*
Timothy C. Bass, Esq.
1750 Tysons Blvd.
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1367
Facsimile: (704) 749-1301
basst@gtlaw.com

**RANDALL TACKETT**
136 Springside Drive
Spring Lake, North Carolina 28390
SOC-D.CEO@proton.me

**SPECIAL OPERATIONS CONSULTING AND DEVELOPMENT, LLC**
136 Springside Drive
Springside Lake, North Carolina 28390
SOC-D.CEO@proton.me

This, the 14th day of February of 2024.

                                      VAN CAMP, MEACHAM & NEWMAN, PLLC
                                      *Attorney for Defendants*

By:    */s/ Thomas M. Van Camp*
        Thomas M. Van Camp, NCSB # 16872
        Post Office Drawer 1389
        Pinehurst, North Carolina 28370
        Telephone: (910) 295-2525
        Facsimile: (910) 295-5101
        thomasv@vancamplaw.com