IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:23-cv-0168

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC<br>923 Maple Grove Drive, Suite 201,<br>Fredericksburg, VA 22407,<br><br>**Plaintiff,**<br><br>v.<br><br>RANDALL TACKETT<br>136 Springside Drive<br>Spring Lake, North Carolina 28390,<br><br>and<br><br>SPECIAL OPERATIONS CONSULTING<br>AND DEVELOPMENT, LLC<br>136 Springside Drive<br>Springside Lake, North Carolina 28390,<br><br>**Defendants.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' COUNSEL'S AMENDED MOTION TO WITHDRAW AS COUNSEL** |

NOW COMES, Defense Counsel, Thomas M. Van Camp, and hereby files this Memorandum of Law in Support of Defendants' Counsel's Amended Motion to Withdraw as Counsel.

### STATEMENT OF THE CASE AND RELEVANT FACTS

On March 31, 2023, Plaintiff filed its Complaint against Defendant Randall Tackett alleging claims of 1) Breach of Fiduciary Duty of Loyalty, 2) Breach of Contract – Non-competition, 3) Breach of Contract – Non-solicitation, and 4) Tortious Interference with Economic Relationship and Prospective Economic Advantage [Dkt. 1]. On June 28, 2023, Plaintiff filed its

1

First Amended Complaint, adding SOC-D as a Defendant and bringing additional claims of Defamation and Unfair and Deceptive Trade Practices. [Dkt. 58]

On August 7, 2023, Plaintiff filed a Motion to Compel asserting that certain discovery responses of Defendant Tackett were deficient and requested that the Court order Defendant Tackett to respond to certain interrogatories, requests for production of documents, and request to inspect his computer. [Dkt. 77]

On February 7, 2024, United States Magistrate Judge Robert Numbers issued an Order grating Plaintiff's Motion to Compel and ordering Defendant Tackett and his counsel "jointly and severally liable for payment" of the costs and fees, including Plaintiff's reasonable expenses and attorney's fees, incurred in making the Motion to Compel. [Dkt. 176]

Defendants' counsel requested a conference with Nichole McLaughlin, Judicial District Bar Liaison with the North Carolina State Bar. Defendants' counsel was able to speak with Ms. McLaughlin on the morning of February 8, 2024. During the consult, Defendants' counsel sought guidance and the State Bar's ethics opinion regarding 1) the Order allowing the Plaintiff's Motion to Compel which, in part, found the Defendant Tackett and his counsel jointly and severally liable for attorney's fees and costs associated with the Motion to Compel; and 2) certain filings made by the Plaintiff relating to letters from both Kalitamara L. Moody and John Capehart and the substance of the Plaintiff's Amended Motion for Sanctions. [Dkt. 178] Counsel for the Defendants also provided to the State Bar's representative background information regarding Mr. Tackett's military service, employment with the Plaintiff and current contractual employment at the CIA/DIA.

Based upon these discussions with the State Bar's Liaison, it was the opinion of the North Carolina State Bar that the Rules of Professional Conduct required that the undersigned counsel

2

immediately withdraw from representing the Defendants in this matter on the grounds that there exists an inherent conflict of interest as a result of the Court Order allowing Plaintiff's Motion to Compel, and Defendants' counsel's intent to object and/or appeal the Order on his individual behalf. The North Carolina State Bar advised the undersigned counsel to file a Motion to Withdraw and obtain a ruling prior to filing any other document with the Court on behalf of the Defendants' counsel individually that may negatively impact the Defendants.

## ARGUMENT

Rule 1.16 of the North Carolina Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if, aside from the listed reasons, another good cause for withdrawal exists. N.C. R. Prof. Cond. Rule 1.16(b)(9). Comment [3] states, "[t]he lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." Rule 1.7 provides that a lawyer <u>shall not</u> represent a client if there is a significant risk that the representation of the client will be materially limited by the personal interest of the lawyer. N.C. R. Prof. Cond. Rule 1.7(a)(2).

In *Greene v. Lane* one defendant, a lawyer, represented himself and his co-defendant. On behalf of himself and as counsel to his co-defendant, he filed an answer, motion to strike, and counterclaims. The Court held that this violated N.C. R. Prof. Cond. Rule 1.7(a)(2) because his representation of himself would materially limit his responsibilities to his client/co-defendant. *Greene v. Lane*, 2022 N.C. App. LEXIS 249 at *2, 6-7 ("[t]he promissory note which forms the basis for this action obligates [defendants], jointly and severally, to [plaintiff]. [Counsel/co-defendant] has a direct personal interest to avoid personal liability . . .")

Here, good cause exists because the Order creates an unresolvable conflict of interest between Defendants' counsel and his clients. Because it orders both Defendant Tackett and his

Counsel to be jointly and severally liable for the costs and fees related to the Motion to Compel, Defense Counsel cannot defend both himself and his client against the sanctions Order without the risk that his client will become responsible for the entire amount of the sanctions. The Order essentially renders the client and attorney co-defendants, and the successful defense of Defendants' counsel could harm his clients. Defendants' counsel believes that his and his firm's representation of the Defendants will be materially limited by counsel's personal interest in this matter. It is Defendants' counsel's belief that he is unable to effectively assist the Defendants in this matter under the Professional Rules of Conduct.

The North Carolina State Bar opined, after discussions with the undersigned counsel, that the undersigned counsel should immediately withdraw from representing the Defendants in this matter on the grounds that there exists an inherent conflict of interest as a result of, *inter alia*, the Court Order allowing Plaintiff's Motion to Compel and Defendants' counsel's intent to object and/or appeal the Order on his individual behalf. Thus, Defendants' counsel respectfully requests that this Court grant Defendants' Counsel's Amended Motion to Withdraw as Counsel.

This, the 14th day of February 2024.

> VAN CAMP, MEACHAM & NEWMAN, PLLC
> *Attorney for Defendants*
>
> By: */s/ Thomas M. Van Camp*
> Thomas M. Van Camp, NCSB # 16872
> Post Office Drawer 1389
> Pinehurst, North Carolina 28370
> Telephone: (910) 295-2525
> Facsimile: (910) 295-5101
> thomasv@vancamplaw.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' COUNSEL'S AMENDED MOTION TO WITHDRAW AS COUNSEL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

WARD AND SMITH P.A.
*Counsels for Plaintiff*
S. McKinley Gray, III, Esq.
Emily G. Massey, Esq.
Post Office Box 867
New Bern, North Carolina 28563-0867
Telephone: (252) 672-5476
Facsimile: (252) 672-5477
smg@wardandsmith.com
egmassey@wardandsmith.com

GREENBERG TRAURIG, LLP
*Lead counsel for Plaintiff*
Timothy C. Bass, Esq.
1750 Tysons Blvd.
Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1367
Facsimile: (704) 749-1301
basst@gtlaw.com

RANDALL TACKETT
136 Springside Drive
Spring Lake, North Carolina 28390
SOC-D.CEO@proton.me

SPECIAL OPERATIONS CONSULTING AND DEVELOPMENT, LLC
136 Springside Drive
Springside Lake, North Carolina 28390
SOC-D.CEO@proton.me

This, the 14th day of February 2024.

                VAN CAMP, MEACHAM & NEWMAN, PLLC
                *Attorney for Defendants*

By:   */s/ Thomas M. Van Camp*
       Thomas M. Van Camp, NCSB # 16872
       Post Office Drawer 1389
       Pinehurst, North Carolina 28370
       Telephone: (910) 295-2525
       Facsimile: (910) 295-5101
       thomasv@vancamplaw.com