# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## No. 5:23-CV-00168-FL

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) |
| RANDALL TACKETT, et al., | ) |
|     Defendant | ) |

## PROTECTIVE ORDER REGARDING THE PROTECTION OF PRIVILEGED NATIONAL SECURITY INFORMATION

Pursuant to Federal Rule of Civil Procedure 26, in order to protect from disclosure in this litigation any information that the United States Government in its discretion determines may be subject to protection under Executive Order 13526, 75 Fed Reg. 707 (Dec. 29, 2009), the state secrets privilege, or any relevant statutory privileges (collectively, "privileged national security information"), and to facilitate discovery only of information which may be publicly disclosed, while protecting from disclosure privileged national security information, which should not be so disclosed by and among the parties to this action, the parties jointly propose entry of the following protective order.

IT IS HEREBY ORDERED as follows:

1. The purpose of this agreement is to protect privileged national security information by setting forth procedures under which the parties will litigate this case in a manner that protects against the disclosure or use of privileged national security information.

2. The parties agree that the individual Defendant and the CEO for the Plaintiff were each previously granted security clearances for classified information and had access to classified information related to contract(s) with the U.S. Government. The parties

also agree that all these parties signed nondisclosure agreements ("NDAs") related to contract(s) with the U.S. Government and that pursuant to the binding terms of those NDAs, all parties have agreed that they will never divulge classified information to anyone unless the disclosure is specifically authorized by the United States. Nothing in this Protective Order shall be read to authorize the parties to disclose classified information in violation of the terms of their NDAs. The parties acknowledge that the parties' counsel have not received access to classified information in connection with this case and that a "need to know" has not been established. In addition, the parties' counsel shall not intentionally elicit the unauthorized disclosure of classified information from witnesses in this case.

3. Defendant Randall Tackett has described categories of information or documents that he believes may be properly classified. The United States has provided the parties with notice that disclosure of properly classified information may present a reasonable danger of harm to the national security. Potentially privileged national security information includes, but is not limited to:

    a. Documents marked classified by a relevant U.S. Government classification authority;

    b. Information that a party has good faith basis for believing has been classified by a relevant U.S. Government classification authority; and

    c. Detailed information about the substance of Mr. Tackett's classified work with the Department of Defense or any of its components.

4. Potentially privileged national security information shall not be used, disclosed, or referred to in any Fed. R. Civ. P. 26 disclosure, propounded discovery, discovery

response, or other documents used or disclosed in this case or in proceedings in this case, except as authorized by the United States or separate Court Order, pursuant to the process identified below. To the extent the United States authorizes use of the information as described in this paragraph, it shall do so in writing with reference to this Order. To date, the United States has authorized use of the information described in paragraph 8, below.

5. The parties shall review any documents in their possession, custody, or control that they intend to use or otherwise disclose in the course of this action to determine if such documents contain any information described in paragraph 3, above. The only exceptions to the rule stated in the first sentence of this paragraph are contained in paragraph 8, below. If a party identifies during review any documents that may reveal, tend to reveal, or risk the disclosure of privileged national security information, the party must forward them to the United States for review, as set forth below; the parties are not entitled to withhold documents from review because of their own assessment of risk or danger of harm to the national security. Such a determination shall be made by the United States and not by the parties.

6. A party shall, in good faith, provide to the United States, only by means directed by counsel for the United States, any documents that the party reasonably believes require review pursuant to this Protective Order so that the United States has the opportunity to redact any privileged national security information. To the extent a party seeks to disclose or must produce potentially privileged national security information orally or create a document containing potentially privileged national security information, the party will consult with, and only proceed as directed by,

counsel for the United States. Providing information to the United States for classification review will not waive any otherwise applicable privilege.

7. After the information identified for review is provided to the United States, the United States shall in its discretion determine whether information must be redacted from the documents in order to protect national security, or whether such documents must be withheld in their entirety. The purpose of this review is solely to determine whether the proposed disclosure contains or reveals protected national security information, not for the United States to opine on the truth or falsehood of the statements. To the extent possible, the United States shall then return the redacted document to the party who requested the review and/or provide guidance to the party about what information may be disclosed. With respect to any redacted documents returned by the United States, the parties shall use and rely solely on the version returned by the United States. If any party objects to the application of this paragraph, the party must follow the procedures set forth in paragraph 13 of this Order.

8. To date, the United States has authorized use of the following unclassified information in the format identified below:

    a. Information contained within document(s) produced by the United States to Plaintiffs in response to formal Touhy requests in the above-captioned case, only to the level of detail provided or in the specific format contained within the produced version(s) of the document(s).

9. To the extent additional discovery continues in this case following the stay, the parties have indicated their belief that there are several depositions outstanding, including the depositions of Randall Tackett and Lillian Tackett. Defendants have

expressed concern Plaintiff's counsel may elicit classified information from those witnesses. To the extent any party has good faith concerns that a proposed deposition may (inadvertently or otherwise) elicit potentially privileged national security information, the United States must be served with notice of the deposition at least thirty days in advance of the date set for taking the deposition.

10. The parties agree that in the case of any examinations of witnesses that the Government determines may elicit potentially privileged national security information, all or some of the following procedures shall be implemented at the Government's sole discretion and request: (a) the examination(s) shall not be video- or audio-recorded; (b) the examination(s) will be conducted via means and in locations determined by the Government; (c) the parties will provide any information requested by the Government necessary to permit them to enter the secure locations for the examinations; and (d) the examination(s) will be transcribed by a court reporter chosen or approved by the Government. If practicable and appropriate, the Government may choose a court reporter with an appropriate security clearance.

11. The following ground rules and limitations will apply to such depositions:

    a. Given the inherent risk presented by a fluid deposition setting, all witnesses reasonably likely to possess the information described in paragraph 3, above, shall be directed not to produce or disclose any information in the categories identified in paragraph 3, above, without the express authorization of the United States.

    b. Given the risk of unauthorized disclosures of classified information, transcripts and audio recordings of the deposition will be provided to the United States until after the United States Government has confirmed that they do not contain classified information, which confirmation should occur within a reasonable time.

5

Case 5:23-cv-00168-FL   Document 198   Filed 03/12/24   Page 5 of 8

c. Such depositions may be attended only by the stenographer, the deponent, Plaintiffs' counsel, Defendant's counsel, and the attorneys and representatives of the United States. In addition, Mr. Tackett may attend the deposition of Ms. Lillian Tackett, and Mr. Chris Newton may attend the depositions of both Randall and Lillian Tackett. Counsel should notify other parties not later than seven days before the taking of a deposition if counsel desires to have anyone else present during a deposition. If the parties are unable to agree to the attendance of this person, then the person shall not be entitled to attend the deposition unless the court orders otherwise.

d. Any attorney for the United States present at any deposition may object and, if necessary, direct the witness not to answer a question or to stop responding to a question if he or she deems in good faith that it is necessary to preserve the United States' privilege including to prevent the unauthorized disclosure of privileged national security information, to enforce the limitations of this Protective Order or other order by the court, or to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2), (d)(3). In order to avoid or limit the need for the Government to object to any disclosure and instruct the witness not to answer, to the extent possible, an attorney for the United States (or the witness) may stop any deposition at any time, regardless of whether a question is pending, in order to confer privately with the witness concerning prevention of the unauthorized disclosure of privileged national security information.

e. Following the deposition, the transcript should be turned over to the United States, which will conduct a review of the transcript to redact any privileged national security information prior to release of the transcript to counsel for the parties in this case. Any information not redacted from the deposition transcript by the United States after its review pursuant to this paragraph will be expressly authorized for use or disclosure in this case or in proceedings in this case pursuant to paragraph 8 of this Order. After the review is completed, the transcript should be produced to counsel for all the parties at the same time.

f. Nothing in the testimony of the witness will constitute or be construed as a waiver of any applicable protections or privileges held by the United States that may apply to any information.

12. The parties shall notify the United States if they intend to refer to or utilize any information described in paragraph 3, above, in any Court filings, unless that information has been expressly authorized for use in this litigation pursuant to paragraph 8, above. A copy of the portions of any proposed filing described in this

paragraph will first be submitted to the United States, through means directed by Government counsel, for review in order to determine if it is necessary to redact information to avoid disclosure of privileged national security information. The parties agree they will only file, use or disclose the redacted form in the litigation of this action. If the parties object to the application of this paragraph, the parties must follow the procedures set forth in paragraph 13, below.

13. Notwithstanding the foregoing, the parties shall retain all rights to object to the withholding of information pursuant to this Protective Order. Should a party dispute the application of the Protective Order to any information subject to discovery in this case, the party shall first confer with the United States to attempt to resolve the dispute. If the party and the Government are unable to resolve the dispute, the party may seek judicial intervention; however, the party will first confer with the Court in an effort to resolve the matter before any motion practice.

14. Nothing in this Protective Order shall be deemed to constitute a waiver of the rights of parties to object to the exclusion or protection from discovery of any document, testimony or other information or to the treatment of any document, testimony or other information as information in the categories identified in paragraph 3, above, as covered by Executive Order 13526, the state secrets privilege, or as any other protection. Nothing in this Protective Order shall be deemed to constitute a waiver of any party's rights to make any argument or motion related to Executive Order 13526, the state secrets privilege, or any other protection. Nothing in this Protective Order shall limit the discretion of the United States to present any defense in response to

any motion described in this paragraph or take any step in defending against such a motion.

15. Should this matter appear to be likely to proceed to trial after rulings on all dispositive motions, *see* Case Management Order ¶ D (ECF No. 45), the parties will confer further with the Government regarding appropriate measures to prevent disclosure of privileged national security information at trial.

16. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

SO ORDERED this the 12th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge