IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-168-FL

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| RANDALL TACKETT and SPECIAL OPERATIONS CONSULTING AND DEVELOPMENT, LLC, | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motion to compel. (DE 211). Defendants responded in opposition and in this posture the issues raised are ripe for ruling. Also pending is plaintiff's amended motion for sanctions, dismissal, and default judgment, which was addressed in part at hearing held May 1, 2024, and will be addressed in remaining part by separate order. For the following reasons, plaintiff's motion to compel is granted.

## BACKGROUND

The relevant background of this case may be summarized as follows. Plaintiff, a defense contracting company, brought several contract and tort claims against defendant Randall Tackett ("Tackett"), its former employee, March 31, 2023, alleging that Tackett had used plaintiff's proprietary information to divert a contract with one of plaintiff's potential clients to himself. (See Compl. (DE 58) at 1-2).[1] Defendant Tackett answered and filed counterclaims for breach of fiduciary duty of loyalty, breach of contract, tortious interference with economic relationship, and defamation.

---

[1] Hereinafter, all references to the complaint ("compl.") are to the amended complaint at docket entry 58.

Thereafter, plaintiff amended its complaint with leave of the court, joining as a defendant Special Operations Consulting and Development, LLC ("SOC-D"), a company managed solely by defendant Tackett and his spouse, and adding claims for defamation and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75.1.1. Defendants filed amended answer, adding a claim for violation of that same statute. The court entered May 17, 2023, a preservation order agreed to by both parties.

The court held on July 27, 2023, a telephonic discovery conference in an endeavor to resolve a dispute between the parties concerning plaintiff's request to inspect defendant Tackett's computer, which Tackett represented had been destroyed by forces hostile to the United States. (See DE 68). Plaintiff filed thereafter a motion to compel production of the data stored previously on Tackett's destroyed computer and maintained pursuant to this court's May 18, 2023, preservation order, which the court granted February 7, 2024. In addition, the court entered March 12, 2024, a protective order setting forth a process by which counsel for the United States may review and redact any privileged national security information implicated in this case. (DE 198).

In the meantime, plaintiff filed February 8, 2024, a motion seeking entry of default judgment in favor of plaintiff on all plaintiff's claims, dismissal of defendants' counterclaims, attorneys' fees, and costs. Plaintiff sought this relief on the grounds that defendants had submitted perjured testimony, fabricated documents and filed them with the court, spoiled evidence, and made misrepresentations concerning electronically stored evidence. The court held hearing on that motion and discovery conference May 1, 2024. Thereafter, the court in relevant part ordered the parties to endeavor to agree upon a search protocol for the computer referenced in the court's February 7, 2024, order and to file separate position statements and proposed protocols if they were unable to come to agreement; set a deadline for plaintiff to file the instant motion to compel; denied that part of plaintiff's motion

2

requesting entry of judgment in its favor on plaintiff's claims against defendants predicated on a document fabrication theory; entered an amendment to the court's May 18, 2023, preservation order agreed upon by both parties; and set telephonic conference for August 2, 2024.

Plaintiff then filed the instant motion to compel May 10, 2024, seeking entry of an order "compelling [d]efendants to provide full, complete, and verified responses to the [i]interrogatories and all responsive documents to the [r]equests for [p]roduction of [d]ocuments," and relying on correspondence between the parties, defendants' fourth production of documents, defendant Tackett's third supplemental responses to plaintiff's second set of interrogatories, and defendant SOC-D's third supplemental responses to plaintiff's first set of interrogatories. (DE 211 at 6). Plaintiff filed that same date a statement outlining its position on a computer and email search protocol, relying on a proposed protocol. Defendants responded in opposition to the motion to compel, relying on an affidavit by defendant Tackett. Defendants did not submit a position statement or proposed protocol. The court entered on June 11, 2024, a second amended preservation order.

## COURT'S DISCUSSION

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). For discovery, the scope of "relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted."

3

Mainstreet Collection, 270 F.R.D. at 241.  To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.  Id.

The court evaluates each disputed discovery request in turn. [2]

1. Interrogatories 6, 13, 16, and 17

Interrogatories 6 and 16 effectively seek Defendant SOC-D's contract history with third parties and the United States Government from the time Defendant Tackett began employment with plaintiff.  (See DE 211-2).  Interrogatory 13 seeks information on SOC-D's government authorization to provide military training, and interrogatory 17 seeks information on the circumstances under which SOC-D contracted with plaintiff's potential client.  Defendants argue that plaintiff's motion to compel is untimely as to these requests where they were not discussed at the May 1, 2024, motion hearing and status conference, and that it is impossible for defendants to respond to these requests where defendant Tackett does not "have any responsive documents in his possession at this time." (DE 215 at 5).

This court's May 30, 2023, case management order requires the complaining party to provide "notice of [a] disputed discovery issue" for the court's consideration in setting a discovery conference, but that order contains no requirement that the court address the issue before a motion to compel may be filed.  (DE 45 §B(4)).  Defendants'[3] contention that they do not have additional responsive documents is a non-sequitur where the interrogatories are questions that do not necessarily call for

---

[2] Under Eastern District of North Carolina Local Rule 7(c)(2), a discovery motion must set forth or attach "the specific question, interrogatory, etc., with respect to which the motion is filed[.]"  The parties are reminded to specify the exact requests still outstanding in any future motions to compel.  (See, e.g., DE 77 ¶ 21).

[3] Where defendants' brief in opposition to the motion to compel asserts that Tackett does not possess responsive documents even though the interrogatories are addressed to SOC-D, the court considers both defendants to maintain this position.

4

documents. The interrogatories ask SOC-D to "identify all contracts . . . or other similar type of arrangements, whether or not in writing," (DE 211-2 at 5) (emphasis added); to "describe in detail," (id.), certain circumstances under which the government authorized defendant SOC-D to provide training, to provide relevant names and dates, and to "[d]escribe in detail how [it] was solicited by [the potential client] to provide specific training services." (Id. at 5). Defendant SOC-D thus must respond.

2. Interrogatory 8(a) in Plaintiff's Second Set of Interrogatories

This interrogatory seeks information regarding the alleged conditional grant of a drone training contract in Poland to plaintiff, specifically the unclassified "bidding and award process." (Id. at 4). Defendant Tackett asserts that he responded in his ninth supplemental affidavit.

Tackett's response, which purports to provide the "unclassified answer" to this interrogatory, (DE 215-1 ¶ 12), contains no "information regarding the conditional grant of the project to plaintiff," as the interrogatory requires. (DE 211-2 at 3). Instead, Tackett describes in general terms the goals, location, and phases of the training. This answer is not responsive, and Tackett must therefore respond. If Tackett believes that a properly responsive answer would be classified, he may not unilaterally withhold such information, but must comply with the terms of the court's March 12, 2024, protective order. (See DE 198).

3. Request No. 3 in Plaintiff's Fourth Set of Requests for Production of Documents

This request seeks documents "regarding any active investigation related to [p]laintiff, including, but not limited to, the Defense Counter Intelligence and Security Agency's Case #2023-4492." (DE 211-6 at 3). According to plaintiff, defendant Tackett "testified during his deposition that he had copies of complaints he had filed with the Defense Counter Intelligence and Security Agency; North Carolina State Bar; and federal judiciary" which have not been produced. (Id.).

5

Tackett argues that he is not in possession of unproduced responsive documents where those documents relate to investigations of plaintiff's counsel rather than plaintiff and that he need not produce these documents under "federal whistleblower laws." (DE 215 at 3).

To the extent that Tackett's complaints regarding plaintiff's counsel concern counsel's representation of plaintiff in this matter, they are "related to" plaintiff. A lawyer abides "by a client's decisions concerning the objectives of representation and . . . consult[s] with the client as to the means by which they are to be pursued." N.C. Rule Pro. Conduct 1.2. Tackett has not shown that the complaints regarding plaintiff's counsel are extraneous, and relevance in discovery is "construed broadly." Oppenheimer Fund, Inc., 437 U.S. at 351.

Likewise, Tackett's contention that he is "protected from retaliation and from disclosing additional information under 50 U.S.C. § 3234" is incorrect.[4] (DE 215-1 ¶ 3). That statute covers "personnel action[s]," such as appointments, promotions, and disciplinary actions, taken in reprisal for lawful disclosure of information which an employee of the government reasonably believes shows inter alia violations of federal laws, rules, or regulations. 50 U.S.C. § 3234(a)-(b). It does not cover civil suits, the discovery process, or exempt Tackett from his obligations under the Federal Rules of Civil Procedure. Accordingly, Tackett must respond.

4. Request No. 32 in Plaintiff's Third Set of Requests for Production of Documents

This request seeks all communications between defendant Tackett and "3D Life LLC," (DE 211-2 at 11), a company Tackett previously has asserted that his company worked with while developing a program of instruction at issue in this case. (See DE 89 ¶ 23). Tackett asserts that he "does not have any responsive documents in his possession at this time." (DE 215 at 5).

---

[4] The court ordinarily does not consider legal arguments or citations presented in affidavits. The parties are reminded to present their arguments in the form of a memorandum in accordance with Eastern District of North Carolina Local Civil Rule 7.2(a) and North Carolina Rule of Professional Conduct 3.1.

6

Defendant Tackett's position has evolved over time. On March 22, 2024, counsel for defendants communicated to plaintiff an objection that this information was "not relevant to the case." (DE 211-3 at 8). Tackett, through counsel, communicated that objection again on May 9, 2024, but also promised to "request a copy of any documents to be mailed to him from [3D Life and to] produce those documents if or when they are received." (Id. 211-9 at 5). Tackett now has abandoned his relevance objection, and maintains that he "cannot be compelled to produce documents outside of [his] possession, custody, or control." (DE 215 at 5).

No assurance that defendant Tackett has conducted a search for documents responsive to the instant request appears on the face of the record. See Beach Mart, Inc. v. L&L Wings, Inc., 302 F.R.D. 396, 412 (E.D.N.C. 2014) (summarizing an individual's negligent oversights while searching for documents); United States v. $66,899.00 in U.S. Currency, No. 5:22-CV-34-D, 2024 WL 84702 (E.D.N.C. Jan. 8, 2024) ("[E]ven if there are no documents responsive to a request for the production of documents, the requesting party is entitled to a response pursuant to [Federal Rule of Civil Procedure] 34(b)."). Absent evidence to the contrary, the court ultimately "must take [Tackett's] word that [he] has produced all responsive discoverable documents if [Tackett] says that [he] has" done so. See Georgia-Pacific Corporation v. Von Drehle Corporation, No. 5:05-cv-478-BO, 2007 WL 9637134 at *2 (E.D.N.C. Aug. 17, 2007). Still, Tackett "must make a good-faith effort to locate responsive documents and produce them if any are located." Daniels v. Hyster-Yale Group, Inc., No. 5:19-cv-531-FL, 2020 WL 2334088 at *11 (E.D.N.C. May 11, 2020). If no responsive documents are located after a thorough search, defendant Tackett must so state.

5.  Signal Messages[5]

Plaintiff identifies in defendant Tackett's production served May 6, 2024, Signal messages that appear to refute his previous representations to the court. Tackett has represented that he configured this application to delete automatically all messages 24 hours after they were sent. (See DE 94 at 30-31). However, screenshots later produced show "Signal messages ranging from July 2022 to May 2023" and previews thereof, including a preview of a signal message between Tackett and an individual affiliated with plaintiff's potential client. (DE 211-8). The dates at the top of the screenshots display as "Fri May 3" and "Tue Apr 30," a few days before they were served on plaintiff's counsel. (DE 211-7). Tackett claims that Signal contains a bug whereby previews of deleted messages may be displayed. (DE 215-1 ¶ 6). He also contends that the "Fri May 3" and "Tue Apr 30" labels do not reflect the dates on which he took the screenshots. Instead, Tackett represents that he took screenshots of messages on the day they were sent, exported them to a thumb drive, then took a second round of screenshots before producing them to plaintiff. (DE ¶¶ 6-7).

Tackett's version of events is refuted by the screenshots themselves, which contain previews of messages sent after the date Tackett contends the images were created. A set of messages sent July 29, 2022, for example, also shows in the left-hand sidebar previews of messages sent July 30, 2022, August 3 and 12, 2022, and September 8, and 20, 2022. (DE 211-7 at 7). A set of messages sent July 26, 2022, shows previews for messages sent in March, May, June, July, September, and October 2023. (See DE 211-7 at 14, 16). It therefore is not possible that the "screenshots were originally taken on the dates of the original messages." (DE 215-1 at ¶ 5). Given the existence of evidence that Tackett has not produced all responsive discoverable documents and Tackett's apparent

---

[5] Signal is an open source messaging application. (See DE 152 at 24).

misrepresentation regarding documents produced, the court cannot take Tackett at his word. See Georgia-Pacific Corporation, 2007 WL 9637134 at *2 (E.D.N.C. Aug. 17, 2007).

Tackett must produce all Signal messages in his possession that are responsive to plaintiff's discovery requests. If Tackett persists in his contention that he stored screenshots of important messages on thumb drives, he must produce the thumb drives under the terms of the protective order. (See DE 198). Additionally, if Tackett maintains that any software bugs interfere with his production of documents, or make it appear that responsive documents are in his possession when in fact they are not, he must submit evidence confirming the existence of such bug.

6. Computer Protocol

Plaintiff's proposed protocol for the collection of defendant Tackett's Google and Proton mail accounts calls for plaintiff's contractor, KLDiscovery ("KLD"), to observe Tackett's "designated expert log into the specified email account without the exposure of [his] account credentials," and then to export all emails and documents from January 27, 2023, to January 29, 2023; from March 26, 2023, to March 29, 2023; and from May 7, 2020, to May 9, 2020. (DE 210-1 at 3). KLD then will conduct searches while observed by Tackett's expert. (See id.).

Defendants raise numerous objections to plaintiff's proposed protocol, including that it "fails to narrowly tailor the data collection to the relevant time frame and provide specific search terms," that it "lacks detailed data security measures," that it "does not adequately involve the [d]efendants' expert," and that it searches Tackett's Proton account as well as his Gmail account, which defendants deem "excessive and unnecessary." (DE 215 at 7). However, despite the court's instruction to file separate proposed protocols, defendants never did so. The court first ordered Tackett to make the data on his computer available for inspection February 7, 2024, and since that date has made itself available to facilitate resolution of this issue, but cannot implement the preferences of a party that

does not comply with its directives. Accordingly, the court adopts plaintiff's proposed protocol, and thus directs defendants to confer with plaintiff, to determine a date for effectuating it, within 14 days of entry of this order.

7.      Attorneys' Fees

Plaintiff requests an award of all reasonable expenses and attorneys' fees incurred in connection with this motion under Federal Rule of Civil Procedure 37(a)(5). Defendants did not respond to this request.

Federal Rule of Civil Procedure 37(a)(5) directs that the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." This directive does not apply if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. Proc. 37(a)(5)(A)(ii).

Defendants have not offered justifiable grounds for refusing to respond to any of plaintiff's requests. They have maintained that they do not have responsive documents when the relevant requests are interrogatories that require written responses rather than documents, supplied a non-responsive answer to an interrogatory after plaintiff had filed the instant motion to compel, cited statutes not applicable to the case at bar, and may have misrepresented circumstances surrounding the creation of evidence submitted to the court. Accordingly, plaintiff is entitled to recover all reasonable expenses, including attorneys' fees, it incurred in making the motion.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (DE 211) is GRANTED. In addition,

1. Defendants are directed to supplement their deficient responses within 28 days of entry of this order.

2. The parties shall determine a date for effecting plaintiff's proposed computer and data search protocol within 14 days of this order.

3. Plaintiff may file supporting documentation regarding attorneys' fees and costs incurred in connection with this motion within 14 days of the date of this order. Defendants may file a response to such documentation, if any, within 14 days of the filing thereof. Thereupon the court will make such further order as is warranted regarding attorneys' fees and costs.

4. All deadlines not altered herein, including those set by the court's June 11, 2024, order, remain in force. The telephonic conference scheduled for August 2, 2024, remains as scheduled.

SO ORDERED, this the 18th day of July, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

11

Case 5:23-cv-00168-FL   Document 223   Filed 07/18/24   Page 11 of 11