IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-168-FL

| | |
|---|---|
| GLOBAL DIMENSIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RANDALL TACKETT and SPECIAL )<br>OPERATIONS CONSULTING AND )<br>DEVELOPMENT, LLC, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on a myriad of motions. They include 1) plaintiff's motion for an order requiring defendants to show cause why they should not be held in civil contempt for failure to comply with court order entered July 18, 2024 (DE 231); 2) plaintiff's earlier motion for sanctions, dismissal, and default judgment (DE 178); and 3) defendants' motion for leave to file supplement to their response to that motion (DE 224). This order also addresses another motion, related to defendants' response in opposition to the show cause motion, where 4) defendants move to seal their response (DE 250). There is a fifth motion pending, where plaintiff moves for payment of attorneys' fees (DE 227), which will be addressed later by this court as forecasted at conference held August 2, 2024. Issues raised in the four motions now before it, ripe for decision, are addressed below.

**BACKGROUND**

In complaint filed March 31, 2023, plaintiff, a defense contracting company, brings several contract and tort claims against defendant Randall Tackett ("Tackett"), its former employee,

alleging Tackett has used plaintiff's proprietary information to divert a contract with one of plaintiff's potential clients to himself. (See Compl. (DE 58) at 1-2).[1] Defendant Tackett answered and filed counterclaims for breach of fiduciary duty of loyalty, two claims for breach of contract, and tortious interference.

Thereafter plaintiff amended its complaint with leave of the court, joining as a defendant Special Operations Consulting and Development, LLC ("Special Operations Consulting"), a company managed solely by defendant Tackett and his spouse. Plaintiff added claims for defamation and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C.G.S. § 75.1.1. In answer, defendants consolidated their breach of contract claims and added a claim for violation of the UDTPA.

As pleadings framed up in the case, actions were taken to establish a case schedule and address certain discovery concerns, among other things. The court entered May 18, 2023, an agreed preservation order presented on consent motion of the parties. Its case management order followed May 30, 2023, with benefit of the parties' jointly proposed plan. Mediator was appointed June 21, 2023. Discovery conference was undertaken July 27, 2023.

At that conference the court endeavored to resolve a dispute between the parties, where plaintiff sought to inspect defendant Tackett's computer in order to verify the provenance of email transmittals that plaintiff asserted Tackett had fabricated. Defendant Tackett represented that the computer had been destroyed by forces hostile to the United States of America. (See DE 68). The court directed plaintiff to file a motion to compel within 15 days of conference should the parties find themselves unable to resolve this disagreement, and plaintiff did so.

---

[1] Hereinafter, all references to the complaint ("compl.") are to the amended complaint at docket entry 58.

The court variously extended the parties' deadlines under the case management order July 31, October 17, and December 14, 2023. Referral was made of issues concerning entry of a protective order requested May 9, 2023, to a magistrate judge, together with plaintiff's motion to compel certain discovery filed August 7, 2023. The United States was accorded opportunities to assert any interest in aspects of discovery as the year came to a close. The magistrate judge entered various orders in the beginning of 2024, including the court's February 7, 2024, order on plaintiff's motion to compel.

On the day following that order, plaintiff filed February 8, 2024, the instant amended motion for sanctions, dismissal, and default judgment, seeking entry of default judgment in favor of plaintiff on all plaintiff's claims, dismissal of defendants' counterclaims, attorneys' fees, and costs. Plaintiff sought this relief on the grounds that defendants had submitted perjured testimony, fabricated documents and filed them with the court, spoiled evidence, and made misrepresentations concerning electronically stored evidence.

The undersigned held hearing on that motion and discovery conference May 1, 2024. Reference is made to order following on the docket the next day. The court in relevant part ordered the parties to endeavor to agree upon a search protocol for the computer referenced in the court's February 7, 2024, order and to file separate position statements and proposed protocols if unable to come to agreement. It set a deadline for plaintiff to file the instant motion to compel. The court denied that part of plaintiff's motion requesting entry of judgment in its favor on plaintiff's claims against defendants predicated on a document fabrication theory. The court forecasted that plaintiff's request for dismissal of defendants' counterclaims would be addressed after discovery closed on July 31, 2024, entered an amendment to the court's May 18, 2023, preservation order agreed upon by both parties, and set telephonic conference for August 2, 2024. (See DE 209).

3

In the meantime, the court entered a protective order setting forth a process by which counsel for the United States may review and redact any privileged national security information implicated in this case. (DE 198).

Plaintiff filed May 10, 2024, a second motion to compel directed in part toward information stored on defendant Tackett's computer and in his Proton and Google email accounts. While that motion was pending, the court extended again the parties' discovery deadlines on June 11, 2024, ordering that the "deadline for [p]laintiff's disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be thirty (30) calendar days following" the court's ruling on plaintiff's second motion to compel. (DE 221).

Defendants filed around the same time the instant motion to supplement their memorandum of law in opposition to plaintiff's amended motion for sanctions, dismissal, and default judgment. Plaintiff responded in opposition, arguing that the motion was premature and a waste of judicial resources. Plaintiff filed August 1, 2024, motion for attorneys' fees, which motion, mentioned earlier, remains pending.

In order entered July 18, 2024, the court granted plaintiff's second motion to compel, adopted plaintiff's proposed computer search protocol, and directed defendants to confer with plaintiff to determine a date for effectuating it. About two weeks later, on August 2, 2024, the court undertook telephonic conference with the parties, at which time it was informed issue had arisen with respect to whether defendant Tackett had provided the proper email address for the search required by the court's July 18, 2024, order. The court then continued defendants' deadline for supplementing their deficient discovery responses until three business days following receipt of the government's response under the court's protective order, or August 30, 2024, whichever occurred earlier. At that conference, the court also informed the parties of its intention to focus on

4

the substance of the case before addressing fee issues, and stayed defendants' deadline for responding to plaintiff's motion for attorneys' fees.

Shortly thereafter, plaintiff filed August 20, 2024, the instant motion for an order requiring defendants to show cause why they should not be held in civil contempt for failure to comply with the court's July 18, 2024, order.

A short time later, on September 16, 2024, defendants moved to dismiss two of their counterclaims, that is claims for tortious interference with economic business advantage and for violation of the UDTPA, which motion was granted. Unaltered are defendants' counterclaims for breach of contract and fraud in the inducement.

## COURT'S DISCUSSION

The four motions now before it are taken up in turn below, beginning with the motion to seal.

A.   Defendants' Motion to Seal (DE 250)

Defendants move to seal their responsive memorandum to plaintiff's motion for order to show cause and all supporting exhibits (DE 248). As the court previously has explained, "before granting a party's motion to seal, [it] 'must comply with certain substantive and procedural requirements.'" (February 15, 2024, Order (DE 192) at 1) (citing Virginia Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004)).

Defendants seek to seal the entirety of their response including exhibits with reference to the fact that three of their eight exhibits, indexed as A – G, quoted in defendants' response brief, have been designated as "confidential" or "confidential – attorneys' eyes only" by the parties. These three exhibits, E, F, and G show confidential information, such as pricing information. However, defendants also requests to maintain exhibits A – D and H under seal, together with the

5

entirety of their response brief, regardless of the fact a substantial portion makes no mention of information asserted as confidential. No argument in support of sealing parts of the response brief that make no mention to confidential information or the five other exhibits has been made.

Defendants' motion is granted in the part that seeks to seal exhibits E (DE 248-6), F (DE 248-7), and G (248-8). It is granted in that part that seeks to seal portions of the responsive memorandum (DE 248) that make mention of confidential information and towards that end the clerk shall maintain the entirety of that responsive memorandum under seal, upon condition that redacted version be made available on the docket to the public by defendants no later than **October 11, 2024**. And unless some showing be made why these entries must be maintained under seal also by **October 11, 2024**, upon expiration of that deadline the clerk is directed to unseal exhibits A – D and H (DE 248-1 through 5, and 248-9).

B.      Plaintiff's Motion For Order to Show Cause (DE 231)

Plaintiff moves for an order requiring defendants to show cause why they should not be held in civil contempt for failure to comply with the court's July 18, 2024, order on plaintiff's second motion to compel.

Federal Rule of Civil Procedure 37(b) authorizes the court to impose sanctions, up to and including dismissal of the action, for failure to comply with a court order. The court may also "direct that certain facts be taken as established for purposes of the action." Id.

The court ordered defendant Tackett to produce "copies of [his] computer's data preserved because of the [a]greed [p]reservation [o]rder" February 7, 2024. (DE 176 at 18). In May, the court directed the parties to endeavor to agree upon a search protocol, and to "file separate statements outlining their positions, together with proposed protocols," if they were unable to agree. (DE 209 at 1). However, this defendant never filed a proposed protocol.

6

After the court adopted plaintiff's proposed search protocol July 18, 2024, defendant Tackett provided plaintiff's expert with credentials to "Retsf5@gmail.com," (Tackett's 10th Supp. Aff. (DE 251) ¶ 6), rather than "tackett.r@specialoperationsconsulting.com," the email address that has been at issue since April 10, 2023. (DE 13-3). Regrettably, the instant order is the fourth to address the issue of defendant Tackett's refusal to grant access to his emails.

Tackett represents that he has a "master [g]mail account that manages the other accounts," and that it is his "understanding that if you go directly to the drop-down e-mail accounts . . . you can only see e-mails for the prior 30 days." (DE 251 ¶ 6). However, the protocol adopted by the court calls for "sign in using the custodian's [g]oogle account credentials" (DE 210-1 at 4) without reference to any master account, and no party informed the court that a google account other than "tackett.r@specialoperationsconsulting.com" was in use by defendant Tackett prior to execution of the search protocol. In addition, where Tackett previously has misrepresented the functioning of technology, his statements on technological issues cannot be taken at face value. See (Order (DE 223 at 8) ("Tackett's version of events is refuted by the screenshots themselves, which contain previews of messages sent after the date Tackett contends the images were created.").

The court already has granted a previous motion for attorneys' fees by plaintiff (DE 176), including for a motion to compel closely related to the instant motion to show cause, and another such motion remains pending. (DE 227). Attorneys' fees alone therefore appear insufficient to deter alleged discovery abuses. Accordingly, defendant Tackett is directed to show cause in filing to be made no later than **October 18, 2024**, not only why he should not be ordered to pay plaintiff's costs and attorneys' fees incurred in connection with executing the subverted search protocol, but also why the court should not, under Federal Rule of Civil Procedure 37(b)(2)(A)(i), simply take as established that the disputed emails sent from his tackett.r@specialoperationsconsulting.com

account are fabricated, to which plaintiff may respond and defendants reply in accordance with the court's local civil rules.

C.	Plaintiff's Motion for Sanctions, Dismissal, and Default Judgment (DE 178)

The part of this motion, filed back in February, that is remaining, floats in a sea that has swelled over the past months since filing with new information and/or case events which plaintiff may focus upon. Some examples follow. Raymond Lei has offered sworn testimony that the potential client at issue "could never offer anyone . . . any contract related to . . . military training or any other training" due to actions of the Taiwanese government. (DE 243-1). Konrad Sobocinski has offered sworn testimony that Tackett asked him "to falsify a contract" (DE 206-1 at 3) and "to falsify receipts" (id. at 4), which Tackett denies. (DE 215-1 at 3-4). The court has addressed misrepresentations made to it by defendant Tackett. (Order 223 at 8) (noting that it was not possible that "screenshots were originally taken on the dates of the original messages," as Tackett represented); (Order 176 at 18) (noting that where several of Tackett's "representations to the court have been called into serious question . . . , something more than just Tackett's word is necessary to satisfy his obligations under the Federal Rules).

The dispositive motions deadline is fast approaching. There is opportunity by November 15, 2024, to advance positions finally and fully, with benefit of all of what floats then, after close of discovery, in the sea of this case. And so, what remains of plaintiff's motion, is denied without prejudice.

1. Defendant's Motion For Leave to Supplement Opposition (DE 224)

The court leans heavily on Federal Rule of Civil Procedure 1 in its decision to deny what remains of plaintiff's motion above. Arguments plaintiff seeks to advance for why it is entitled to judgment in its favor can be made as a part of its anticipated dispositive motions filing due on or

8

before November 15, 2024. And so, too, shall defendants have opportunity to unite all their opposition in response. Accordingly, the court need not reach defendant's motion for leave to supplement any previously stated opposition. The clerk will also terminate this motion as moot.

## CONCLUSION

In accordance with the foregoing:

1. Defendants' motion to seal (DE 250) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's motion for order to show cause (DE 231) is GRANTED:

3. Plaintiff's motion for sanctions, dismissal, and default judgment (DE 178) is DENIED without prejudice;

4. Defendants' motion for leave to file supplement to their response to plaintiff's motion for sanctions, dismissal, and default judgment, (DE 224), is TERMINATED as MOOT; and

5. Defendants' deadline to respond to plaintiff's motion for attorneys' fees (DE 227) remains stayed until further order of the court.

SO ORDERED, this the 26th day of September, 2024.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge